Paras B. Barnett, Esq.
Nevada Bar #: 7986
BARNETT | CSOKA
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
Tel: (702) 487-7422
Fax: (800) 634-0607
Email: pbb@barnettcsoka.com
*Attorneys for Defendant, Tiiu Elizarde*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MYRA LEAVITT, as Administrator of THE ESTATE OF BARBARA J. KERR, and KENNETH FRIEDMAN, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>TIIU ELIZARDE, an individual, ROES I through X,<br><br>  Defendant. | CASE NO.: 2:14-CV-01043-JAD NJK<br><br>**ANSWER TO COMPLAINT** |

Defendant Tiiu Elizarde, an individual ("Elizarde"), by and through the undersigned counsel of record, answers Plaintiff Myra Leavitt, as Administer of the Estate of Barbara J. Kerr's (the "Kerr Estate"), and Kenneth Friedman, an individual's (together, the "Plaintiff") Complaint, stating and alleging as follows:

### GENERAL DENIAL

Elizarde denies any allegation contained in the heading used in the Complaint. To the extent any heading in Plaintiff's Complaint is repeated in this Answer, it is for ease of reference only and should not be construed as an admission to the truth of any matter stated in the heading. Elizarde generally denies each and every allegation of Plaintiff's Complaint, whether express or implied, except as specifically admitted or qualified in her Answer below.

## JURISDICTION AND VENUE

1. Elizarde admits that she is not a resident of Clark County, Nevada and that this Court has jurisdiction pursuant to 28 U.S.C. §1332, but denies the remaining allegations contained in Paragraph 1.

2. Elizarde admits that supplemental jurisdiction is proper pursuant to 28 U.S.C. §1367(a), but denies that the Plaintiff has any basis for claims against her.

3. Elizarde admits that venue is proper pursuant to 28 U.S.C. §1391(b), but denies that the FDIC has any basis for claims against her.

## PARTIES

1. Elizarde is without information sufficient to form a belief as to the Plaintiff Leavitt's capacity or capacities as the Executrix of The Kerr Estate or as to the remaining allegations contained in Paragraph 1 and therefore denies the same.

2. Elizarde is without information sufficient to form a belief as to whether the Plaintiff Kenneth Friedman is a biological descendant of Barbara Kerr, his status of incarceration or as to the remaining allegations contained in Paragraph 2 and therefore denies the same.

3. Elizarde admits she is a resident of Matanuska-Susitna Borough, Palmer, State of Alaska.

4. Paragraph 4 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde states denies all allegations or inferences to the extent that they inaccurately attempt to summarize her purposeful availment to the laws of Nevada; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and therefore denies the same.

5. Elizarde is without information sufficient to form a belief as to the allegations contained in Paragraph 5 and therefore denies the same.

## FACTUAL ALLEGATIONS

6. Elizarde hereby restates and reaffirms her answers and denials to the above Paragraphs 1 through 5.

7. Elizarde admits that Ms. Barbara Kerr died on or about May 15, 2013, but is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 7, and therefore denies the same.

8. Elizarde is without information sufficient to form a belief as to the allegations contained in Paragraph 8, and therefore denies the same.

9. Elizarde states that given the narrative and subjective nature of Paragraph 9, no answer is necessary. The Eighth Judicial District Court's acceptance of the purported "Holographic Will" is a legal conclusion and judicial purveyance and therefore no answer is required, to the extent an answer is required Elizarde is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 and therefore denies the same.

10. Elizarde states that given the narrative and subjective nature of Paragraph 10, no answer is necessary. To the extent an answer is required, Elizarde states she is without information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies the same.

11. Elizarde states that given the narrative and subjective nature of Paragraph 11, no answer is necessary. To the extent an answer is required, Elizarde states that the "Holographic Will" referred to speaks for itself; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and is without information

sufficient to form a belief as to the allegations contained in Paragraph 11 and therefore denies the same.

12. Elizarde denies all factual and legal conclusions set forth in Paragraph 12.

13. Elizarde states that given the narrative and subjective nature of Paragraph 13, no answer is necessary. To the extent an answer is required, Elizarde states that the "Holographic Will" referred to speaks for itself; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and is without information sufficient to form a belief as to the allegations contained in Paragraph 13 and therefore denies the same.

14. Elizarde states that given the narrative and subjective nature of Paragraph 14, no answer is necessary. To the extent an answer is required, Elizarde states that the "Holographic Will" referred to speaks for itself; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and is without information sufficient to form a belief as to the allegations contained in Paragraph 14 and therefore denies the same.

15. Elizarde states that given the narrative and subjective nature of Paragraph 15, no answer is necessary. To the extent an answer is required, Elizarde states that the "Holographic Will" referred to speaks for itself; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and is without information sufficient to form a belief as to the allegations contained in Paragraph 15 and therefore denies the same.

16. Elizarde states that given the narrative and subjective nature of Paragraph 16, no answer is necessary. To the extent an answer is required, Elizarde states that the "Holographic Will" referred to speaks for itself; denies the Plaintiff's characterization

regarding the factual and legal conclusions asserted therein; and is without information sufficient to form a belief as to the allegations contained in Paragraph 16 and therefore denies the same.

17. Elizarde states that given the narrative and subjective nature of Paragraph 17, no answer is necessary. To the extent an answer is required, Elizarde states that the terms provisions, rights and remedies for the "bank account at Nevada State Bank" are contained in account agreements and documents which speak for themselves; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and is without information sufficient to form a belief as to the allegations contained in Paragraph 17 and therefore denies the same.

18. Elizarde states that given the narrative and subjective nature of Paragraph 18, no answer is necessary. To the extent an answer is required, Elizarde states that the terms provisions, rights and remedies for the "bank account at Nevada State Bank" are contained in account agreements and documents which speak for themselves; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and as to the allegations contained in Paragraph 18 Elizarde denies the same

19. Elizarde states that given the narrative and subjective nature of Paragraph 19, no answer is necessary. To the extent an answer is required, Elizarde states that the "Holographic Will" referred to speaks for itself; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and is without information sufficient to form a belief as to the allegations contained in Paragraph 19 and therefore denies the same.

20. Elizarde states that given the narrative and subjective nature of Paragraph 20, no answer is necessary. To the extent an answer is required, Elizarde states that the terms

provisions, rights and remedies for the "bank account at Nevada State Bank" are contained in account agreements and documents which speak for themselves; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and as to the allegations contained in Paragraph 20 Elizarde denies the same

21. Elizarde states that given the narrative and subjective nature of Paragraph 18, no answer is necessary. To the extent an answer is required, Elizarde states that the terms provisions, rights and remedies for the "bank account at Nevada State Bank" and the "Holographic Will" are contained in those agreements and documents which speak for themselves; denies the Plaintiff's characterization regarding the factual and legal conclusions asserted therein; and as to the remaining allegations contained in Paragraph 21 Elizarde denies the same.

22. Elizarde states that given the narrative and subjective nature of Paragraph 22, no answer is necessary. To the extent an answer is required, Elizarde denies the Plaintiff's characterization regarding the factual and legal conclusions asserted in Paragraph 22.

### FIRST CAUSE OF ACTION

### UNJUST ENRICHMENT
*(Brought by Kerr Estate and Friedman against Elizarde)*

23. Elizarde hereby restates and reaffirms her answers and denials to the above Paragraphs 1 through 22.

24. Paragraph 24 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 24.

25. Paragraph 25 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 25.

26. Paragraph 26 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 26.

27. Paragraph 27 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 27.

28. Paragraph 28 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 28.

29. Paragraph 29 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 29.

## SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY
*(Brought by Kerr Estate and Friedman against Elizarde)*

30. Elizarde hereby restates and reaffirms her answers and denials to the above Paragraphs 1 through 29.

31. Paragraph 31 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 31.

32. Paragraph 32 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 32.

33. Paragraph 33 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 33.

34. Paragraph 34 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 34.

35. Paragraph 35 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 35.

36. Paragraph 36 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 36.

### THIRD CAUSE OF ACTION

### CIVIL THEFT AND FALSE PRETENSES
(Brought by Kerr Estate and Friedman against Elizarde)

37. Elizarde hereby restates and reaffirms her answers and denials to the above Paragraphs 1 through 36.

38. Paragraph 38 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 38.

39. Paragraph 39 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 39.

40. Paragraph 40 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 40.

41. Paragraph 41 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 41.

42. Paragraph 42 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 42.

43. Paragraph 43 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 43.

## FOURTH CAUSE OF ACTION

### EMBEZZELMENT
*(Brought by Kerr Estate and Friedman against Elizarde)*

44. Elizarde hereby restates and reaffirms her answers and denials to the above Paragraphs 1 through 43.

45. Paragraph 45 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 45.

46. Paragraph 46 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 46.

47. Paragraph 47 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 47.

48. Paragraph 48 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 48.

49. Paragraph 49 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 49.

## FOURTH CAUSE OF ACTION

### DECLARATION OF AN EQUITABLE LIEN AND CONSTRUCTIVE TRUST
*(Brought by Kerr Estate and Friedman against Elizarde)*

50. Elizarde hereby restates and reaffirms her answers and denials to the above Paragraphs 1 through 49.

51. Paragraph 51 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 51.

52. Paragraph 52 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 52.

53. Paragraph 53 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 53.

54. Paragraph 54 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 54.

55. Paragraph 55 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 55.

56. Paragraph 56 states legal conclusions and opinions to which no response is required. To the extent a response is required, Elizarde denies the allegations contained in Paragraph 56.

## JURY DEMAND

Elizarde admits that the Plaintiff demands a trial by jury.

## DEFENDANT ELIZARDE AFFIRMATIVE DEFENSES

Elizarde hereby asserts the following affirmative defenses to the Complaint of the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure, neglect, or refusal to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, provisions and laws set

forth in NRS Chapter 111.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct complained of by Plaintiff was reasonable and justified under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct complained of by Plaintiff constitute a reasonable and legally permitted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times Elizarde acted with due care.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any and all actions taken by Elizarde were taken in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

No actual, justiciable controversy exists between Elizarde and Plaintiff, and thus Plaintiff's Complaint must be dismissed as to Elizarde.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Elizarde is not liable for the intentional, reckless or grossly negligent actions of any other parties and of any other persons who are not parties to this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to name indispensable and/or necessary parties as defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable statute of limitations and/or the doctrine of laches.

### TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to do equity toward Elizarde and, therefore, is not entitled to any relief from Elizarde.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred, in whole or in part, because the acts or omissions alleged in the Complaint were acquiesced to by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred, in whole or in part because the acts or omissions alleged in the Complaint were ratified by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Recovery against Elizarde would unjustly enrich Plaintiff in that the losses, and each and every wrong of which Plaintiff complains, occurred by virtue of its or third parties' conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages were a

direct and proximate result of Plaintiff's own conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of superseding and/or intervening causes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred, in whole or in part, because Elizarde was justified in doing the acts or omissions alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any special damages herein for failure to specifically allege the items of special damages claimed, pursuant to FRCP 9(g).

## TWENTY-THIRD AFFIRMATIVE DEFENS.

Plaintiffs have engaged in tortuous conduct constituting bad faith sufficient to eliminate or reduce ay damages claimed against Elizarde.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Elizarde has been compelled to engage the services of counsel to defend this action and on that basis is entitled to an award of attorney's fees and costs of suit herein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead with specificity any claims for fraud or misrepresentation.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

There are no funds in the possession of Elizarde belonging to Plaintiff upon which to assert a constructive trust.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and, therefore, Elizarde expressly reserves the right to raise additional affirmative defenses based upon information obtained through discovery and based upon the evidence admitted at trial.

**WHEREFORE,** Elizarde prays for judgment as follows:

1. That Plaintiff takes nothing by virtue of its Complaint and that the same be dismissed with prejudice;

2. For an award of reasonable attorneys' fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief as this Court may deem just and proper in the premises.

Dated this 8th day of August, 2014.

BARNETT | CSOKA

BY: /s/ Paras B. Barnett
PARAS B. BARNETT, ESQ
Nevada Bar No. 007986
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
Tel: (702) 487-7422
Fax: (800) 634-0607
Email: pbb@barnettcsoka.com
*Attorneys for Defendant, Tiiu Elizarde*

## CERTIFICATE OF SERVICE

The undersigned certifies that the following and the foregoing was filed with the Court using ECF system on August 8, 2014, which will provide notice and a copy to the following:

Robert C. Graham, Esq.
LAWYERSWEST, LTD
10000 West Charleston Blvd.
Howard Hughes Plaza #140
Las Vegas, Nevada 89135
rgraham@lawyerswest.net
*Attorneys for Plaintiff, Myra Leavitt, as Administrator of the Estate of Barbara J. Kerr, and Kenneth Friedman*

Executed on August 8, 2014, at Las Vegas, Nevada.

/s/ Paras B. Barnett

- 16 -