UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Myra Leavitt, as Administrator of The Estate of Barbara J. Kerr, and Kenneth Friedman,<br><br>            Plaintiffs<br><br>v.<br><br>Tiiu Elizarde,<br><br>            Defendant | 2:14-cv-01043-JAD-NJK<br><br>**Order Denying Motion to Reconsider and Denying as Moot Motion for Leave to File Supplement**<br><br>[ECF 48, 53] |

At the time of her death in May 2013, Barbara Kerr had a payable-on-death (POD) account that named two beneficiaries: defendant Tiiu Elizarde—a close friend of Kerr's—and plaintiff Kenneth Friedman—Kerr's son.[1] After Kerr's death, the bank paid out half of the value of the account to each named beneficiary.[2] Friedman and Myra Leavitt, as the Executrix of Kerr's estate, sued Elizarde for a handful of state-law claims, seeking to recoup the half paid to Elizarde. Elizarde moved for summary judgment, arguing that, as a named co-beneficiary of the POD account at the time of Kerr's death, Elizarde was entitled to half of the funds under Nevada's laws governing POD accounts.[3] I agreed, so I granted summary judgment in favor of Elizarde and closed this case.[4] Plaintiffs now ask me to reconsider that order.[5]

Plaintiffs request that I (1) reconsider my conclusion that NRS 111.797 bars their claims, (2) "consider the difficulties in communication" between plaintiffs' attorney and incarcerated plaintiff Kenneth Friedman that "should have allowed for discovery to continue and justified a delay in

---

[1] ECF 1 at ¶ 17.

[2] *Id.* at ¶¶ 20–21.

[3] ECF 22 at 1.

[4] *See* ECF 46.

[5] ECF 48.

authentication of documents," and (3) take judicial notice of Barbara Kerr's holographic will.[6] Because plaintiffs have given me no valid reason to revisit my previous findings and conclusions, their motion to reconsider is denied, and I deny as moot Elizarde's request for leave to file a response to plaintiffs' supplement.

## Discussion

### A. Motions for reconsideration under FRCP 59(e)

Rule 59(e) does not list "specific grounds for a motion to amend or alter," and "the district court enjoys considerable discretion in granting or denying the motion."[7]  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if [the] motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if [the] motion is necessary to present newly discovered or previously unavailable evidence; (3) if [the] motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."[8]  "[O]ther, highly unusual circumstances," may also "warrant [ ] reconsideration."[9] But amending a judgment after its entry remains "an extraordinary remedy [that] should be used sparingly."  As explained below, none of these "unusual circumstances" are present here and warrant the "extraordinary remedy" that plaintiffs request.

### B. The legislative history of NRS § 111.797

Section 111.797(2) states that "[a] right of survivorship arising from the express terms of the account, . . . [multi-party accounts,] or a POD designation may not be altered by a will."[10]  Because the terms of Kerr's account named Elizarde and Friedman as co-beneficiaries of the account at the time of Kerr's death, I found—and still maintain—that their designations on the account could not be

---

[6] *Id.* at 2.

[7] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2001).

[8] *Herron*, 634 F.3d at 1111.

[9] *Sch. Dist. No. 1J, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[10] NEV. REV. STAT. § 111.783(c) (emphasis added).

altered by Kerr's holographic will.[11]

Plaintiffs request that I reconsider my ruling, and they urge me to consider the legislative history of NRS § 111.797 and related sections.[12] At the outset, I note that the legislative history of these statutes is not newly discovered or previously unavailable evidence. And where, as here, a statute is unambiguous, courts generally do not look beyond the statute's plain language.[13] Nonetheless, having reviewed the legislative history plaintiffs offer, I decline to reconsider my previous ruling.

The documents plaintiffs provide simply do not support their position. The first set of minutes simply indicate the legislature's intention "that a testator of a will may make a disposition of property and the appointment of a fiduciary dependent on conditions stated in the will as long as the conditions do not violate public policy,"[14] but this has nothing to do with plaintiffs' arguments. No one is questioning a testator's ability to appoint a fiduciary based on conditions set forth in a will, and this does nothing to overcome § 111.797's express direction that a POD designation arising from the express terms of the account may not be altered by a will.

Nor does plaintiffs' "supplement" to their motion for reconsideration require me to revisit my ruling.[15] The supplement simply shows that a committee member voiced concerns—while discussing a different statutory provision—that many elderly people are susceptible to undue

---

[11] *See* ECF 46 at 6–9.

[12] Plaintiffs also appear to question, for the first time, the validity of the POD account designation arguing that it was not notarized. Even if the designation must be notarized and it was not in this case, I decline to consider this argument because plaintiffs waived it by failing to raise it in opposition to Elizarde's motion for summary judgment.

[13] *Washoe Med. Ctr. v. Second Judicial Dist. Court,* 148 P.3d 790, 793 (Nev. 2006) (en banc).

[14] ECF 48-1 at 13.

[15] I also note that plaintiffs improperly raise new arguments and provide new evidence in their supplement that is not responsive to Elizarde's response. Plaintiffs have a history of filing rogue supplements without leave of court. *See* ECF 46 (striking plaintiffs' second supplement to response to motion for summary judgment).

influence by non-family members.[16] But the minutes are incomplete, and plaintiffs have not cited to any Nevada statute or other authority creating a presumption that POD transfers to non-family members are presumed invalid, as plaintiffs argue, and plaintiffs did not raise a presumption argument in their summary-judgment briefing. I decline to read these minutes, plaintiffs urge, to conclude that all transfers subject to NRS § 111.797 and that are made to non-family members are presumed invalid. Plaintiffs' motion for reconsideration based on the proffered legislative history is therefore denied.

### C.    Communication barriers and delay in authenticating documents

Plaintiffs next request that I "reconsider the difficulties in communication between counsel and [Kenneth Friedman], which should have allowed for discovery to continue and justified a delay in document authentication."[17] Plaintiffs do not cite to any authority for this proposition or even speculate what evidence additional discovery would have uncovered and how that evidence would have changed the outcome of this case. The only documents that Friedman potentially could have authenticated if given extra time are letters between himself and Kerr before her death, which suffer from serious hearsay problems. And these letters would not have altered the outcome of this case because, as I have repeatedly explained, Kerr's alleged intent to alter the terms of her POD account via her holographic will is irrelevant.[18] Accordingly, plaintiffs' motion for reconsideration on this basis is also denied.

### D.    Judicial notice of Kerr's holographic will

Finally, plaintiffs contend that "By Not Taking Judicial Notice of [Kerr's] Holographic Will, the Court Offends the State Judiciary and the Administration of Justice."[19] They argue that, because "Plaintiffs' Complaint plainly asserted that 'Decedent created a holographic Last Will and Testament . . . that was acknowledged and accepted by the Eighth Judicial District Court Probate

---

[16] ECF 52-1 at 10.

[17] ECF 48 at 6.

[18] ECF 46 at 7.

[19] *Id.* at 6–7.

Commissioner,'"[20] I was required to take judicial notice of the will.

I declined to take judicial notice of Kerr's holographic will because it was not properly authenticated, and plaintiffs did not provide any state court document showing that the probate court had accepted and was administering the will.  Plaintiffs' argument ignores that, at the summary-judgment stage, I am no longer required to accept the allegations in the complaint as true.  Instead, they were required to provide admissible evidence of the will and the state court's acceptance of it if they wanted me to consider those facts.[21]  Now, for the first time, plaintiffs provide documentation showing that Kerr's will was admitted to probate.  Even if I took judicial notice of Kerr's will at this belated date, NRS § 111.797 explicitly provides that the POD designation could not be altered by her will, so the will's contents and the fact that it was admitted to probate are irrelevant.  In sum, plaintiffs have not given me any reason to revisit my previous rulings, and I decline to do so.

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **Plaintiffs' Motion to Reconsider [ECF 48] is DENIED.**

IT IS FURTHER ORDERED that **Defendant's Motion for Leave [ECF 53] is DENIED as moot.**

Dated this 24th day of March, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[20] *Id.* at 7 (internal citation omitted).

[21] FED R. CIV. P. 56(c); *Bank of Am. v. Orr*, 285 F.3d 764, 773–74 (9th Cir. 2002) (courts consider only properly authenticated, admissible evidence in deciding a motion for summary judgment).